**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD HUTAURUK,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-73989

Agency No. A078-020-270

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Richard Hutauruk, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v.*

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Hutauruk's motion to reopen

as untimely where the motion was filed over four years after the BIA's final order,

*see* 8 C.F.R. § 1003.2(c)(2), and Hutauruk failed to present sufficient evidence of

changed circumstances in Indonesia to qualify for the regulatory exception to the

time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*

*v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (evidence supporting a motion to

reopen must be "qualitatively different" from what was presented at the initial

hearing). We reject Hutauruk's contention that the BIA's analysis was inadequate.

*See Najmabadi*, 597 F.3d at 990 ("[t]he [BIA] does not have to write an exegesis

on every contention") (internal quotes omitted).

Finally, in light of our conclusions in *Hutauruk v. Mukasey*, 302 Fed. Appx.

695, 696 (9th Cir. Dec. 3, 2008), the BIA did not abuse its discretion in denying

the motion to reopen to apply our decisions in *Wakkary v. Holder*, 558 F.3d 1049

(9th Cir. 2009), and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**

09-73989